**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ROBERT O. DINKINS,                    )
                                      )
                  Plaintiff,          )
                                      )
        v.                            )         No. 4:20-cv-00809-JAR
                                      )
STATE OF MO, et al.,                  )
                                      )
                                      )
                  Defendants.         )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Robert O. Dinkins for leave

to commence this civil action without prepayment of the required filing fee. (Docket No. 2).

Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay

the entire filing fee, and will not assess an initial partial filing fee at this time. *See* 28 U.S.C. §

1915(b)(4). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's

complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided a copy of his inmate account statement as required by 28 U.S.C. § 1915(a)(2). However, in his motion for leave to proceed in forma pauperis, plaintiff states that he has no prison job due to being in a wheelchair, receives no income from family, and has no property. As such, he indicates that he is unable to pay the filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

2

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant currently incarcerated at the United States Penitentiary in Atlanta, Georgia (USP-Atlanta). He brings this civil action pursuant to 42 U.S.C. § 1983; *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389 (1971); and the Federal Tort Claims Act (FTCA). His complaint names the following defendants: the State of Missouri; the City of St. Louis; the St. Louis Police Department; the United States District Court; the United States Court of Appeals for the Eighth Circuit; the Missouri Secretary of State; plaintiff's defense attorney; the United States of America; and "judges." Plaintiff does not indicate the capacity in which defendants are sued.

3

Plaintiff's complaint is handwritten and not on a Court-provided form. At times, plaintiff's handwriting is difficult to read, and his claims are hard to decipher. To the best of the Court's understanding, it appears that the basis of plaintiff's action is his contention that he was wrongly convicted in *United States v. Dinkins*, No. 4:15-cr-314-ERW-1 (E.D. Mo. Dec. 7, 2015), and that his subsequent postconviction motions have been improperly denied.[1]

Plaintiff begins his complaint by broadly stating that he is suing defendants because of their "deliberate deprivation of plaintiff['s] equal access, protection of law and due process of law...failing to protect [plaintiff] from [cruel] and unusual punishment...violating color of state [and] federal law...acts and omissions constituting [cruel] and unusual punishment and discrimination [and] fraud." (Docket No. 1 at 2). In particular, plaintiff states that defendants failed to grant his motions pursuant to 28 U.S.C. § 2241 and § 2255, used fabricated evidence and testimony against him, and caused him both physical and emotional harm. Plaintiff alleges that the courts and the government were "at all times aware of" plaintiff's factual innocence claims but failed to "adequately investigate and release [him]." (Docket No. 1 at 3).

Plaintiff accuses the United States District Court of deliberately overlooking his medical records, complaints, and reports of injury, and of fraudulently stating that he did not specify any suffering. (Docket No. 1 at 4). According to plaintiff, the Clerk of the United States District Court also failed to submit his criminal complaint to the district attorney and "file charges against the [accused] criminals." Further, plaintiff states that the United States District Court has been reviewing his "order records instead of [his] written [*Rehaif v. United States*] claims which show [he is] entitled to relief."

---

[1] In *United States v. Dinkins*, plaintiff was convicted following a bench trial of one count of being a felon in possession of a firearm. On March 8, 2016, plaintiff was sentenced to 180 months' imprisonment in the United States Bureau of Prisons, to be followed by a two-year term of supervised release. The conviction was affirmed on direct appeal. *United States v. Dinkins*, No. 16-1732 (8th Cir. 2017).

4

In a document within the complaint titled "Affidavit of [D]eliberate Contempt of Legislature," plaintiff states that Judge Webber of the United States District Court was aware of his factual innocence claim and deliberately "showed disrespect for the authority or dignity of [the] legislature by [delay] of judgement and [fabricating] evidence." (Docket No. 1 at 5).

In another document within the complaint titled "questions attachments," plaintiff lists a number of seemingly rhetorical questions suggesting that various entities violated his rights. (Docket No. 1 at 7). For instance, he asks whether the United States District Courts in Atlanta and St. Louis, as well as both the Eighth Circuit Court of Appeals and Eleventh Circuit Court of Appeals abused their discretion by failing to dismiss the indictment against him, failing to recall the "mandate in [the] face of extraordinary circumstances," and failing to rule on the merits of his petition. Plaintiff further suggests that his 28 U.S.C. § 2241 petition, seeking relief under *Rehaif v. United States*, should not have been dismissed as a second or successive 28 U.S.C. § 2255 motion.[2] In support, he argues that he belonged to "a relevant category of persons…that [was not] barred from [temporarily] transitioning illegal and stolen guns."

Plaintiff alleges that the United States District Court in Atlanta "overlooked [his] tort claim" and wrongfully dismissed his tort; that the United States District Court in St. Louis "overlooked claims relating to his" Fed. R. Civ. P. 60(b) motion; that the United States Court of Appeals for the Eleventh Circuit likewise "overlooked claims relating to [his]" Fed. R. Civ. P. 60(b) motion; and that the United States Court of Appeals for the Eighth Circuit "overlooked claims in [his] 2241 relating to" his Fed. R. Civ. P. 60(b) motion. (Docket No. 1 at 8). Based on

---

[2] The case to which plaintiff is referring is *Dinkins v. United States*, No. 4:20-cv-133-AGF (E.D. Mo. Jan. 27, 2020). In this case, petitioner filed a 28 U.S.C. § 2241 petition seeking relief under *Rehaif v. United States*, 139 S.Ct. 2191 (2019). The Court construed this petition as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. As plaintiff had brought a prior § 2255 motion, the action was dismissed as second or successive on March 30, 2020. The dismissal was affirmed on appeal on July 6, 2020. *Dinkins v. United States*, No. 20-2339 (8th Cir. 2020).

these claims, plaintiff contends that there is an "organized secret conspiracy to deprive [him] of [his] constitutional and civil rights." He also questions whether the aforementioned courts "have a history of errors and abuse of [discretions]," and whether changing his § 2241 petition to a § 2255 motion was "[fraudulent] and unconstitutional." (Docket No. 1 at 8-9).

Plaintiff contends that he "is entitled to justification defenses" as to his criminal charge of being a felon in possession of a firearm. (Docket No. 1 at 11). He states that based on the Second, Fifth, and Fourteenth Amendments, as well as declarations by the Missouri Secretary of State, and his social, political, and economic rights, he was justified in not knowing that he belonged "to the relevant category of persons barred from possessing a gun." (Docket No. 1 at 11-12). Plaintiff asserts that his claims have shifted the burden to the government to prove his status, and to demonstrate that his behavior was not "an innocent mistake to which criminal sanctions do not attach." (Docket No. 1 at 12).

As compensation for defendants' actions, plaintiff is seeking a total of $800,000 in damages. (Docket No. 1 at 13).

Attached to plaintiff's complaint are two batches of exhibits, totaling eighty-seven pages, which the Court has reviewed. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). Among the exhibits in the first batch are letters from the United States Court of Appeals for the Eighth Circuit, the United States Court of Appeals for the Eleventh Circuit, and the United States Department of Justice. (Docket No. 1-1 at 2-4). There is a sick call form from USP-Atlanta, and a document from Lawyers Paralegal Services, LLC, describing their "recent client successes." (Docket No. 1-1 at 5-7). Plaintiff has included correspondence regarding the rejection of administrative remedies he has pursued while at USP-Atlanta, as well as various medical records. (Docket No. 1-1 at 9-16). He

6

has also attached organizational documents for the New East Afrika Allegiance Counsel, a transcript page that is apparently from his trial, a news clipping, and articles of incorporation. (Docket No. 1-1 at 23, 27, 28-29).

The second batch of exhibits consists mainly of a copy of plaintiff's petition for relief pursuant to *Rehaif v. United States*. (Docket No. 1-2 at 1-30). There are also a number of affidavits, including an "abuse of discretion" affidavit, an "affidavit of affirmative defense," and an "affidavit of ineffective counseling." (Docket No. 1-2 at 31-43). Finally, plaintiff has enclosed four separate motions. The first is a "motion of order to produce evidence under [*Brady*] law," the second is a "motion of omnibus," which seeks to dismiss his grand jury incitement, the third is a motion for summary judgment, and the fourth is a "motion of coram nobis." (Docket No. 1-2 at 44-57).

**Discussion**

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, *Bivens*, and the FTCA. For the reasons discussed below, the complaint will be dismissed without prejudice.

## I.     42 U.S.C. § 1983/*Bivens* Claims

Plaintiff states that his claims arise in part under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389 (1971). The purpose of 42 U.S.C. § 1983 "is to provide compensatory relief to those deprived of their federal rights by state actors." *Beeks v. Hundley*, 34 F.3d 658, 661 (8th Cir. 1994). Similarly, "[a] *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). "An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials

while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 involve the same analysis. *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). Furthermore, the body of case law regarding § 1983 applies to *Bivens* actions. *Id.* Pursuant to § 1983 case law, plaintiff's claims must be dismissed because he is attacking a criminal conviction that has not been overturned.

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id.* at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id.* at 486.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 487-88. Thus, when a state prisoner seeks damages pursuant to § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 488. If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id. See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (discussing application of

8

*Heck* rule in § 1983 cases); and *Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished decision) (applying *Heck* bar to *Bivens* action because the Supreme Court's *Heck* "rationale did not rest on any consideration unique to [§] 1983, and *Bivens* is the federal law analogous to § 1983").

Here, the entire thrust of plaintiff's action is that his conviction and sentence are invalid. Throughout his lengthy complaint, plaintiff attacks defendants for using fabricated evidence and testimony, for misapplying the law, for violating his due process rights, and for failing to grant his postconviction motions. In short, plaintiff is not implying the invalidity of his conviction; he is outright alleging it.

Based on plaintiff's accusations, it seems that he is attempting to bring this action because he has not been granted relief under either 28 U.S.C. § 2241 or 28 U.S.C. § 2255.[3] Nonetheless, a claim under 42 U.S.C. § 1983 – and by extension, *Bivens* – cannot be brought if it implies the invalidity of a conviction and sentence that has not been overturned. Obviously, in this case, plaintiff has not shown that his conviction and sentence has been overturned on direct appeal, expunged by executive order, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, plaintiff is essentially asking the Court to determine that he was wrongly convicted of being a felon in possession of a firearm in the first place. This is an improper use of § 1983/*Bivens*. Therefore, plaintiff's claims under 42 U.S.C. § 1983 and *Bivens* must be dismissed.

---

[3] Plaintiff has filed the following postconviction actions in the United States District Court for the Eastern District of Missouri: (1) *Dinkins v. United States*, No. 4:17-cv-2296-CAS (E.D. Mo. Aug. 22, 2017) (28 U.S.C. § 2255 motion); (2) *Dinkins v. United States*, No. 4:19-cv-1688-CAS (E.D. Mo. June 11, 2019) (filing construed as 28 U.S.C. § 2255 motion); (3) *Dinkins v. United States*, No. 4:19-cv-1839-CAS (E.D. Mo. June 21, 2019) (filing construed as 28 U.S.C. § 2255 motion); (4) *Dinkins v. United States*, No. 4:19-cv-1920-CAS (E.D. Mo. July 8, 2019) (28 U.S.C. § 2255 motion); (5) *Dinkins v. United States*, No. 4:19-cv-2903-ERW (E.D. Mo. Oct. 21, 2019) (28 U.S.C. § 2241 petition construed as a 28 U.S.C. § 2255 motion); (6) and *Dinkins v. United States*, No. 4:20-cv-133-AGF (E.D. Mo. Jan. 27, 2020) (28 U.S.C. § 2241 petition construed as a 28 U.S.C. § 2255 motion). All of plaintiff's postconviction actions have been dismissed.

## II.     FTCA Claims

Plaintiff also states that his claims arise in part under the FTCA. The FTCA "waives federal

sovereign immunity for injuries caused by the negligent or wrongful act or omission of any

employee of the Government while acting within the scope of his office or employment, under

circumstances where the United States, if a private person, would be liable." *Newcombe v. United*

*States*, 933 F.3d 915, 917 (8ᵗʰ Cir. 2019). The FTCA acts as a limited waiver of sovereign

immunity, which opens the door to state-law liability claims against the federal government for

harm cause by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8ᵗʰ Cir.

2019). Pursuant to statute:

> An action shall not be instituted upon a claim against the United
> States for money damages for injury or loss of property or personal
> injury or death caused by the negligent act or omission of any
> employee of the Government while acting within the scope of his
> office of employment, unless the claimant shall have first presented
> the claim to the appropriate Federal agency and his claim shall have
> been finally denied by the agency in writing and sent by certified or
> registered mail.

28 U.S.C. § 2675(a). Complete exhaustion of administrative remedies is required before the

judicial process is invoked. *McNeil v. United States*, 508 U.S. 106, 112 (1980). Exhaustion of

administrative remedies is a jurisdictional prerequisite. *Porter v. Fox*, 99 F.3d 271, 274 (8ᵗʰ Cir.

1996). That is, before bringing an action against the United States, a claimant must present his or

her claim to the appropriate federal agency, and the agency must make a final decision. *Bohac v.*

*Walsh*, 386 F.3d 859, 861 (8ᵗʰ Cir. 2004). Failure to comply with the exhaustion requirement will

result in the dismissal of the suit for lack of subject-matter jurisdiction. *See Mader v. United States*,

654 F.3d 794, 808 (8ᵗʰ Cir. 2011) (concluding "that conformity with § 2675(a) is a jurisdictional

term of the FTCA's limited waiver of sovereign immunity"). *See also Allen v. United States*, 590

10

F.3d 541, 544 (8th Cir. 2009) (stating that "[a] federal district court does not have jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency").

Here, plaintiff has provided no indication that he has presented his claims to the appropriate federal agencies, or that the agencies made a final decision. In other words, he has not demonstrated exhaustion, which is a jurisdictional prerequisite for a claim under the FTCA. Thus, his FTCA claims must be dismissed for lack of jurisdiction. Furthermore, plaintiff has not properly alleged facts showing that an employee of the federal government caused him an injury by a negligent or wrongful act or omission, under circumstances where the United States, if a private person, would be liable. To the contrary, plaintiff's vague and conclusory allegations concern judicial rulings, not tortious conduct. For this reason, as well, plaintiff's claims under the FTCA must be dismissed.

### III.    Claims Against Each Specified Defendant

As discussed above, plaintiff has failed to assert a cognizable claim under either 42 U.S.C. § 1983, *Bivens*, or the FTCA. Therefore, this action is subject to dismissal. Even if plaintiff's § 1983/*Bivens* claims were not *Heck* barred, and even if he had satisfied the jurisdictional prerequisites of an FTCA claim, none of his assertions against the nine named defendants are sufficient for purposes of surviving 28 U.S.C. § 1915 review.

#### i.    State of Missouri and Missouri Secretary of State

Plaintiff's claims against the State of Missouri and the Missouri Secretary of State are barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another

11

state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived her immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

First, the United States Supreme Court has determined that 42 U.S.C. § 1983 does not revoke the states' Eleventh Amendment immunity from suit in federal court.[4] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe...that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the

---

[4] The Court notes that because the claim against the State of Missouri and the Missouri Secretary of State does not involve an employee of the federal government, neither the FTCA nor *Bivens* is implicated. Thus, the basis of plaintiff's claim against these two defendants is 42 U.S.C. § 1983.

12

States"). Second, the State of Missouri has not waived its immunity in this type of civil action. *See* Mo. Rev. Stat. § 537.600 (asserting the state's sovereign immunity, and providing exceptions).

The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal). Furthermore, plaintiff has not sought any sort of prospective injunctive relief against the Missouri Secretary of State in his official capacity. Therefore, the claims against the State of Missouri and the Missouri Secretary of State must be dismissed.

### ii.    City of St. Louis

A local governing body such as the City of St. Louis can be sued directly under 42 U.S.C. § 1983.[5] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the City of St. Louis's liability.

---

[5] The Court notes that because the claim against the City of St. Louis does not involve an employee of the federal government, the FTCA and *Bivens* is inapplicable. Thus, the basis of plaintiff's claim against this defendant is 42 U.S.C. § 1983.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to

"official policy, a deliberate choice of a guiding principle or procedure made by the municipal

official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829

F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005).

For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement

of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007).

However, when "a policy is constitutional on its face, but it is asserted that a municipality should

have done more to prevent constitutional violations by its employees, a plaintiff must establish the

existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or

conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement,

ordinance, regulation, or decision officially adopted and promulgated by the municipality's

governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom."

In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately

indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar

constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff's allegations, such as they are, do not support the proposition that his rights were violated due to an unconstitutional policy, custom, or failure to train on the part of the City of St. Louis. First, plaintiff has not established that the City of St. Louis had an unconstitutional policy, as his facts do not point to any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." Indeed, the City of St. Louis is barely mentioned at all within the body of the complaint.

Second, plaintiff has not shown that his rights were violated due to an unconstitutional custom. That is, he has not demonstrated the existence of a "continuing, widespread, persistent pattern of unconstitutional misconduct" by City of St. Louis employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. To the contrary, plaintiff's complaint concerns purported wrongdoing that took place in his criminal case and postconviction actions, and does not involve City of St. Louis employees whatsoever.

Finally, for the same reasons, plaintiff has failed to show that the City of St. Louis violated his constitutional rights by failing to train or supervise its employees. In particular, plaintiff's allegations do not encompass any actions taken by employees of the City of St. Louis, and the municipality is barely mentioned at all, beyond being named as a defendant.

For the reasons discussed above, plaintiff has failed to adequately demonstrate the City of St. Louis's liability for violating his constitutional rights. Therefore, the claim against the City of St. Louis must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### iii.    St. Louis Police Department

Plaintiff has named the St. Louis Police Department as a defendant. The claim fails, however, because the St. Louis Police Department is not a juridical entity, suable as such. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that West Memphis Police Department and West Memphis Paramedic Services were "simply departments or subdivisions of the City government," and not suable entities); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Even if the City of St. Louis was substituted as the proper party defendant, plaintiff has failed to state a municipal liability claim against it, as discussed above. Therefore, plaintiff's claim against the St. Louis Police department must be dismissed.

### iv.    United States of America, United States District Court, United States Court of Appeals for the Eighth Circuit

Plaintiff's claims against the United States of America, the United States District Court, and the United States Court of Appeals for the Eighth Circuit are barred by the doctrine of sovereign immunity. "Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 2020 WL 5104268, at *1 (8th Cir. 2020). *See also*

16

*Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

Plaintiff asserts that his claims arise in part under the FTCA. The FTCA removes the sovereign immunity of the United States from suits in tort. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). Nevertheless, as discussed above, plaintiff's allegations do not establish that the FTCA is applicable in this case. As such, it does not provide a waiver to immunity. Because plaintiff provides no other basis upon which sovereign immunity has been expressly waived, his claims against the United States, the United States District Court, and the United States Court of Appeals for the Eighth Circuit must be dismissed.

. Even if these defendants were not immune from suit, plaintiff has failed to state a claim against them. In order to state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. That is, the complaint must contain enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a

factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Moreover, "[t]he essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Nothing in plaintiff's complaint provides any indication as to what these defendants did or did not do to harm him. Instead, his allegations consist of broad statements, vague and disconnected assertions, and legal conclusions. Plaintiff has failed to provide a short and plain statement of his claim showing that he is entitled to relief, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2). He has also failed to present factual allegations sufficient to raise his right to relief above the speculative level. Therefore, for this reason as well, plaintiff's claims against the United States of America, the United States District Court, and the United States Court of Appeals for the Eighth Circuit must be dismissed.

### v.      Plaintiff's Defense Attorney

Plaintiff has listed his defense attorney as a defendant, alleging ineffective assistance of counsel. However, a defense attorney is not suable under 42 U.S.C. § 1983.[6]

"The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a

---

[6] The Court notes that while plaintiff asserts that his case arises under the FTCA, as well as § 1983/*Bivens*, there is no indication that the FTCA applies to this claim. That is, plaintiff's defense attorney is not alleged to be an employee of the federal government. Moreover, even if the attorney was employed by the federal government, plaintiff has not shown that he has exhausted his administrative remedies or alleged that his defense attorney committed a tort.

constitutionally protected federal right." *Green v. Byrd*, 2020 WL 5050364, at *2 (8th Cir. 2020).

However, a defense attorney, whether appointed or retained, does not act under color of state law,

and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. §

1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not

act under color of state law when performing a lawyer's traditional functions as counsel to a

defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating

that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of

state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841

F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes

of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). Moreover,

"attorneys are not transformed into federal officials for purposes of a *Bivens* action merely because

they are appointed by a federal court pursuant to federal law." *Christian v. Crawford*, 907 F.2d

808, 810 (8th Cir. 1990).

Because plaintiff has not shown that his defense attorney acted under color of law, he has

not stated a claim under 42 U.S.C. § 1983 or *Bivens*. Therefore, the claim against plaintiff's defense

attorney must be dismissed.

### vi.    Judges

Plaintiff has sued an unspecified and mostly unnamed number of judges. In terms of

specific allegations, he accuses Judge Webber of delaying judgment, fabricating evidence, and

wrongfully dismissing one of his postconviction cases.

Because a judicial officer, exercising the authority in which he or she is vested, should be

free to act upon their own convictions, judicial immunity provides a judge with immunity from

suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921 (8th Cir. 2020). "Like other forms of official

19

immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

In this case, plaintiff has presented no allegations tending to show that Judge Webber or any other judge took a non-judicial action or acted in the complete absence of jurisdiction. Rather,

plaintiff's contention is that Judge Webber and others made incorrect or improper rulings during the course of his criminal case and subsequent postconviction actions. Judicial immunity is meant to protect judges from this kind of suit. In other words, judicial immunity protects judges when making decisions during a case, even if their decisions were malicious, corrupt, or erroneous. Therefore, plaintiff's claim against "judges" must be dismissed.

**IV.    Conditions of Confinement Claim**

Throughout the complaint, plaintiff makes references to his conditions of confinement at USP-Atlanta. For instance, he states that he is confined to a wheelchair, unable to protect himself from prisoner assaults, and living in fear. Furthermore, in his exhibits, he has included a number of medical records, the implication being that he is receiving improper medical care.

To the extent that plaintiff is attempting to bring a conditions of confinement claim, such claim must be dismissed for lack of jurisdiction. Under 28 U.S.C. § 1391, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In deciding whether a substantial part of the events giving rise to a plaintiff's claims occurred in the forum district, the court must focus on the defendant's alleged wrongful activity. *See Steen v. Murray*, 770 F.3d 698, 702-03 (8th Cir. 2014).

Plaintiff's allegations of his safety and health at USP-Atlanta are difficult to discern and are not connected to any named defendant. Nonetheless, to the extent they can be read as claims, it is clear they did not occur in this district. Rather, any wrongful activity took place in USP-Atlanta, which is located in Atlanta, Georgia. As such, the proper venue for this claim is with the United States District Court for the Northern District of Georgia.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In this case, the Court finds that due to plaintiff's fragmentary mentions of his conditions of confinement, it is not in the interest of justice to transfer this case. Therefore, to the extent that plaintiff is asserting a conditions of confinement claim, the claim is dismissed for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___15___ day of ___October___, 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

23